UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 03-2142-GAF                                   Date   May 24, 2007

Title   Diodem, LLC v. Lumenis, Inc.

---

Present: The Honorable   **GARY ALLEN FEESS**

| Marilynn Morris | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

None                                      None

**Proceedings:**   (In Chambers)
                   <u>**ORDER RE: PRE-TRIAL MOTIONS**</u>

The Court has read, considered and conducted a hearing on: (1) the motion of Defendants Lumenis, Inc. and OpusDent USA Inc. (jointly referenced as Lumenis) to sever the claims against Lumenis from those brought against Defendant Hoya ConBio; (2) Diodem's Motion in Limine No. 11 to preclude the testimony of Biolase's designated experts; and (3) Diodem's Motion in Limine No. 14 to preclude the admission of Biolase litigation documents and related materials and testimony. The following sets forth the Court's rulings on those motions.[1]  A ruling on Diodem's Motion in Limine No. 1 to preclude the expert testimony of Dr. Bass and Defendants' related Joint Motion in Limine to preclude the experts testimony of Dr. Stafsudd will be forthcoming in a separate order.

### 1. MOTION TO SEVER

Defendant Lumenis moved to sever the trial of the claims brought against it from those brought against Hoya because Lumenis and Hoya are not related and the claims involve different devices. The Court agreed that, under Rule 20, Fed. R. Civ. P, the claims were not properly joined but tentatively concluded that severance should be denied, and that evidence should be presented at trial on a patent-by-patent basis, followed by a separate phase in which evidence of damages and willfulness would be presented. However, in reflecting on the deliberation process and considering questions raised and points made at the hearing this past Monday, the Court has reconsidered its tentative ruling and has determined that the motion to sever should be **GRANTED** at least in part.

The Court concludes that the trial should first proceed jointly as to all patent affirmative defenses that go to the validity of the patents in suit, and should thereafter proceed separately as to the respective defendants' allegedly infringing devices. Therefore, the Court ORDERS as follows:

---

[1] The Court notes, as discussed at the hearing, that these rulings apply only to the patent portion of this case and are not meant to address the admissibility of any evidence in the trial of the deferred counterclaims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 03-2142-GAF                                    Date  May 24, 2007

Title  Diodem, LLC v. Lumenis, Inc.

(1) Evidence will first be received from both defendants regarding their defenses to the validity of the patents in suit. At the close of that evidence, the jury will deliberate and return a verdict;

(2) If the jury rejects the patent defenses, the case will proceed to trial on the infringement claims. The trial of the two allegedly infringing devices will proceed separately. The Court will first try the infringement claim against the Lumenis device. The jury will hear evidence on the infringement issue, followed by argument and deliberation. If the jury finds infringement, the parties will present evidence on willfulness and damages, followed by argument and deliberations. The case will then proceed in the same manner on the infringement claim against the Hoya device.

## 2. DIODEM'S MOTION IN LIMINE NO. 11

Diodem moves to preclude the presentation of evidence from Biolase's designated experts – James Harrington, Mohan Rao, Warren Smith, and William Bridges. Harrington and Smith were retained to address questions of infringement regarding the '167 patent, Rao was retained to opine on damages, and Bridges was retained to address issues pertaining to validity. These experts were timely designated by Biolase and have been deposed by the remaining parties. However, the witnesses were not designated as experts by Lumenis or Hoya until after Biolase settled with Diodem and was dismissed as a party-defendant in this case. Diodem now objects to the presentation of the testimony of these experts on multiple grounds: (1) that the testimony would be irrelevant, at least as to infringement; (2) that the testimony, if relevant, would be cumulative; and (3) that the "designations" were not made timely.

(1) The motion to preclude the testimony of Harrington and Smith is **GRANTED.** For reasons articulated in greater detail at the hearing, the Court concludes that their testimony is not relevant to the issues to be tried regarding the Lumenis and Hoya devices. Moreover, even if the Court were to conclude that the evidence had some limited relevance, as argued by Defendants, the Court concludes that the testimony of these experts would create the potential for confusion, undue consumption of time and prejudice and should be excluded under Rule 403, Fed. R. Evid.

(2) The motion to preclude the testimony of Rao is **GRANTED.** The Court is not persuaded that, given the role of the Georgia-Pacific factors in the damages computation, Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1121 (S.D.N.Y. 1970); see also Telemac Corp. v. US/Intellicom, Inc., 185 F. Supp. 2d 1084, 1101 (N.D. Cal. 2001), the testimony of this witness regarding *Biolase's* damages should not be admitted in determining the damages issue as to Lumenis and Hoya. The Court concludes that such evidence is either not relevant at all, or poses too great a risk of confusion, prejudice and undue consumption of time.

(3) The motion to preclude the testimony of Bridges is **DENIED.** Bridges has opined regarding questions of validity that bear on the defenses raised by Lumenis and Hoya. The Court concludes that his proposed testimony is relevant and not cumulative and will assist the trier of fact in

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 03-2142-GAF | Date | May 24, 2007 |
| Title | Diodem, LLC v. Lumenis, Inc. | | |

understanding the complex technological issues associated with this litigation. However, the Court will accept Bridges testimony as a third-party witness, and not as being affiliated with either party. Thus, the Court would anticipated that, absent a stipulation among the parties regarding his deposition transcript, that Bridges would be called to testify in Court during the trial.

**3. DIODEM'S MOTION IN LIMINE NO. 14**

(1) In this motion, Diodem seeks to preclude a number of categories of documents and evidence. First, Diodem seeks to preclude the admission of Biolase litigation documents, including, but not limited to, responses to interrogatories, requests for admission and pleading documents filed in connection with motions for summary judgment. The motion is **GRANTED**. The documents are hearsay and no exception applies.

(2) Diodem further seeks to preclude the admission of the deposition transcripts of employees of Biolase except to the extent that they could be used in connection with the testimony of third party witnesses. The motion is **GRANTED**. Such testimony would be hearsay and no exception applies. If such witnesses are to testify, they must appear live and their testimony will be subject to any and all objections that would apply to a third party witness, including relevance.

(3) Diodem also seeks to preclude the opinions of Jeff Jones, Robert Grant, and any other Biolase employee on issues of validity and infringement. The motion is **GRANTED** subject to further consideration in connection with the willfulness and damages portion of the upcoming trial. As to the validity and infringement phases, the proffered evidence does not comply with the requirements of Rule 702, Fed. R. Evid.

IT IS SO ORDERED.